UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIEL WARD,**

                **Plaintiff,**

-vs-                                              Case No. 6:06-cv-53-Orl-31KRS

**WINTER GARDEN BUSINESS PARK, LLC,**

                **Defendant.**

## ORDER

The Plaintiff, Daniel Ward ("Ward") sued the Defendant, Winter Garden Business Park LLC ("WGBP"), for violations of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* (the "FLSA"), the Florida Constitution and Florida Statutes section 448, claiming that he is owed unpaid wages and unpaid minimum wages. (Doc. 1). WGBP filed an Answer and Counterclaim, (Doc. 2), in which it sued Ward for monetary damages. This matter is presently before the Court on Ward's Motion to Dismiss WGBP's Counterclaim for lack of subject matter jurisdiction, (Doc. 16), and WGBP's Response thereto, (Doc. 20).

**I.**    **Facts and Procedural History**

Ward alleges that he was an hourly employee of WGBP and that he performed services for WGBP for which he did not receive appropriate compensation.[1] More specifically, he alleges that

---

[1] Ward alleges that his employment ended in November of 2005.

he worked for one or more weeks for which he not only did not receive the necessary minimum wage, but for which he received no compensation whatsoever.

WGBP denies all of Ward's allegations. WGBP alleges that it agreed to hire Ward once its storage facility opened for business, and that the parties agreed that as part of Ward's pay, he would be entitled to live rent free in an apartment on the storage facility's premises. WGBP also informed Ward that he could not start working, nor would he be paid, until the storage facility opened for business, which WGBP anticipated would happen in October or November of 2005. In August of 2005, however, Ward moved to the area in which the storage facility was located and, although it was not obligated to do so, WGBP made arrangements to obtain a certificate of occupancy for the apartment so that Ward could move in prior to the opening of the storage facility. WGBP agreed to permit Ward to stay rent free on the condition that he wait until the storage facility opened to actually begin his employment with WGBP, advised him that he would not be paid until the storage facility opened for business, and advised him not to perform any work at the storage facility.

WGBP further alleges that Ward sent a letter to a representative of WGBP on November 6, 2005, advising that he could not continue to live without receiving a paycheck, and thus returned the keys to the storage facility (and, presumably, moved out). WGBP now asserts that Ward failed to uphold his agreement with WGBP that he not begin his employment with WGBP until the facility opened, and thus WGBP seeks reimbursement for the reasonable amount of rent, including utilities and water, that it paid.[2]

---

[2] The nature of WGBP's claim is not entirely clear, because WGBP classifies the claim in several ways. What is clear, however, is that the parties had an agreement whereby Ward could live

Ward now moves to dismiss WGBP's counterclaim, arguing that WGBP has failed to allege that this Court has jurisdiction over the claim and that the counterclaim is only a state law claim over which this Court should not exercise supplemental jurisdiction.

## II.  Legal Analysis

Ward's motion, inasmuch as it is based on Federal Rule of Civil Procedure 12(b)(1), challenges the Court's jurisdiction over the subject matter of WGBP's counterclaim. *See Lamb v. Charlotte County*, --- F. Supp. 2d ----, 2006 WL 1118910 at *2 (M.D. Fla. 2006).  Where a jurisdictional attack is based on the face of the pleadings, as Ward has done here, "the court merely looks to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the plaintiff's complaint are taken as true for purposes of the

---

rent free at the facility until his employment began on the condition that he not begin his employment until the facility opened for business. WGBP asserts that Ward breached that agreement by: (1) accepting the benefits of the offer of future employment by living rent free; (2) failing to wait until WGBP opened for business to begin his employment there; and (3) because Ward left the premises before his employment began, WGBP has been damaged in the amount of the rent and utilities it paid during the time Ward lived at the facility. (*See* Doc. 12 at 7).  WGBP confuses the issues, however, by claiming that it was damaged by providing Ward free rent *in consideration of* his eventual employment, which never occurred. (*See id*. at 4, 7).  However, there does not appear to actually have been any agreement made that Ward could stay rent free *on the condition that* he later work for WGBP; instead the condition was that he *not* work for WGBP at that time. On one hand, WGBP appears to assert that Ward was never employed (or, at least never performed any work), yet on the other, asserts that Ward failed to uphold the condition that he not begin his employment (or not perform any work) prior to the time WGBP opened for business.  It is incongruous for WGBP to argue that Ward failed to perform the condition that he not begin his employment or perform any work (thereby implying that he *was* employed or *did* perform work), and yet also assert that he was not employed by or working for WGBP. Ultimately, however, particularly in light of the fact that WGBP has asserted a right of setoff, it appears that WGBP's real claim is simply that: (1) the parties agreed that Ward could stay rent free until his employment began when the facility opened; (2) Ward lived rent free for a certain time prior to the facility opening; (3) Ward left the premises prior to the time it opened for business; and (4) WGBP has thus been damaged in terms of the amount of free rent and utilities Ward received while living there (perhaps because Ward left before he could "earn his keep").

motion." *Id.*; *see also Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).[3] Here, the circumstances are somewhat different, because Ward, the Plaintiff, seeks to dismiss the Defendant's counterclaim, and thus the Court considers WGBP's allegations as true. *Olufemi v. Your Care Clinics*, LLC, 2006 WL 269982, *2 (M.D. Fla. Feb. 3, 2006).

WGBP argues that its counterclaim arises out of the same transaction or occurrence that forms the basis of Ward's claim, and that the Court may exercise supplemental jurisdiction over the counterclaim. In any civil action over which this Court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[4] This Court automatically has supplemental jurisdiction over compulsory counterclaims.[5] *Moore v. AS-COM, Inc.*, 2006 WL 1037108 (M.D. Fla. Apr. 19, 2006); *Bakewell v. Fed, Fin. Group, Inc.*, 2006 WL 739807, *2 (N.D. Ga. Mar. 21, 2006). A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the

---

[3] Ward's motion is a "facial attack" on this Court's jurisdiction, because it is based on the allegations in WGBP's counterclaim. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). This is to be differentiated from a "factual attack," which "challenge[s] subject matter jurisdiction in fact, irrespective of the pleadings," and in which the Court "may consider extrinsic evidence such as testimony and affidavits." *Id*. Ward has not relied on extrinsic evidence, and instead asserts a lack of jurisdiction based solely on the pleadings, and thus he has not made a factual attack. *See id*. (motion to dismiss was factual attack because it relied on extrinsic evidence and not solely on the pleadings).

[4] The Court looks to 28 U.S.C. § 1367(a) because the Court has original federal question jurisdiction over Ward's FLSA claim.

[5] Because WGBP's counterclaim is a state law claim, it must be compulsory for the Court to have supplemental jurisdiction over it. *Mercer v. Palm Harbor Homes, Inc.*, 2005 WL 3019302 (M.D. Fla. Nov. 10, 2005).

subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a); *see also Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

To determine whether a counterclaim is compulsory, courts in the Eleventh Circuit apply a "logical relationship" test, under which a claim is compulsory if "the same operative facts serve as the basis of both claims or the aggregate core of facts upon with the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th. Cir. 1985) (internal citation and quotation omitted). In addition, a

> counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.

*Moore*, 2006 WL 1037108 at *2 (*quoting Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.*, 426 F.2d 709, 714 (5th Cir. 1970)) (internal citation and punctuation omitted).

Ward's claims are based on his allegations that he was employed by WGBP and that he is therefore entitled to certain unpaid wages as a result of working for a certain period of time. WGBP challenges Ward's assertion, arguing that he is not entitled to those wages and that, even if he is so entitled, WGBP is entitled to a set-off in the amount of rent owed for the time Ward lived at the storage facility. There are several issues to be resolved, including: (1) whether Ward was actually employed by WGBP during the time in question; (2) whether Ward performed labor for which he is entitled to compensation; (3) the amount of compensation, if any, to which Ward is

entitled; (4) the amount of Ward's wages, if any, represented by the free rent and utilities;[6] and (5) whether WGBP is entitled to compensation for permitting Ward to live at the storage facility. These claims are logically related because, at the very least, they are "offshoots of the same basic controversy between the parties," namely, whether Ward is entitled to collect wages and, if so, how much. The litigation of Ward's claims and WGBP's counterclaim in separate cases and fora would result in the duplication of efforts and multiple litigations involving the same facts. Therefore, WGBP's counterclaim is a compulsory counterclaim over which the Court will exercise supplemental jurisdiction.[7] Accordingly, it is

**ORDERED THAT** Ward's Motion to Dismiss (Doc. 16) is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 19, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[6] The FLSA, 29 U.S.C. § 203, defines "wage" as including "the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees." 29 U.S.C. § 203(m).

[7] Because the Court finds Ward's counterclaim to be compulsory, over which the Court automatically has jurisdiction, it is not necessary for Ward to have specifically alleged a basis for the Court's jurisdiction over his counterclaim. *See Moore*, 2006 WL 1037108 at *2 n.1.